[Civ. No. 145.   First Appellate District.—February 9; 1906.]

## BERNARD DONNELLY, Respondent, v. GRAY BROTH-ERS, et al., Appellants.

APPEAL FROM PORTION OF ORDER.—Under section 940 of the Code of Civil Procedure, a litigant dissatisfied with a portion of an order has the same right to appeal from a portion of the order that he has to appeal from a portion of a judgment.

NEW TRIAL GRANTED ON TERMS—ACTION OF DEFENDANTS CONDUCIVE TO ERROR.—Defendants against whom judgment has been rendered, who by affirmative acts on the trial have lulled the court into a lack of vigilance which results in error that necessitates a new trial, cannot complain if reasonable terms be imposed as a condition of the new trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order granting a new trial on terms.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, for Appellants.

Kinley & Kinley, for Respondent.

HALL, J.—This is an action brought against Gray Brothers, a copartnership alleged to consist of five members, who are charged by fictitious names, three corporations, and two other defendants charged by fictitious names, for damages to a lot belonging to plaintiff, resulting from certain blasting and

grading operations alleged to have been carried on by defend-
ants. The complaint is unverified, and the answer is a gen-
eral denial. It begins: "Now come the defendants herein,"
and is signed "Fisher Ames, Attorney for Defendants," and
in no other way is the identity or names of the various de-
fendants indicated by any pleading or motion filed or made
by "the defendants" prior to the entry of judgment. The
case was tried before a jury, and a verdict rendered against
"the defendants" and in favor of plaintiff. The evidence
disclosed that the partnership consisted of Harry N. Gray
and George F. Gray only, and that the blasting and grading
operations complained of were carried on by such firm only,
and there was no evidence tending to connect either of the de-
fendant corporations or any of the other defendants with
the matters complained of by plaintiff. The complaint was
not amended by inserting the true names of the members of
the firm, nor was the action dismissed as to any of the defend-
ants, nor was any motion made on behalf of any of the de-
fendants for a nonsuit, but the entire case was submitted to
the jury by the court without the attention of the jury being
in any way directed to the fact that a verdict might be ren-
dered against some of the defendants and in favor of the
others. Nor was the attention of the court called to this con-
dition of affairs by either counsel until after the verdict.
"The defendants, and each of them," moved for a new trial,
which the court granted upon terms that the defendants pay
the costs of the trial in the sum of $104. From this order
defendants have appealed.

The notice of appeal is in form from the entire order thus:
"From the order granting defendants' motion for a new
trial 'upon the payment by defendants to plaintiff herein of
the sum of $104 within twenty days from the date of the
entry of this order,' which said order was made and entered
in the minutes of said superior court on the fourth day of
April, A. D. 1905"—and it is only by inference resulting
from the inclosing of that part of the order requiring the
payment of the $104 in quotation marks, that we can deter-
mine that appellants only intended to appeal from that par-
ticular portion of the order. At the oral argument, however,
counsel stated that he only asked for the reversal of that por-
tion of the order, and by no means wished a reversal of the

entire order, but professed to know of no procedure by which he could appeal from a portion of an order only. In this connection we may suggest that a litigant dissatisfied with a portion of an order has the same right to appeal from a portion of an order that he has to appeal from a portion of a judgment. "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney." (Code Civ. Proc., sec. 940.)

But, passing this point, we think the order made by the trial court was just, and should be affirmed. An examination of the record not only shows that counsel for defendants did not call the attention of the court or opposing counsel to the various defects, which doubtless would have at once resulted in an amendment by inserting the true names of the members of the firm, and a dismissal or nonsuit as to the defendants against whom there was confessedly no word of evidence, but that he affirmatively asked the court to give various instructions which carried out the theory that if any of the defendants were liable all were liable; and nowhere in any instruction asked by defendants is any different theory of the case remotely suggested. Thus the following instructions were given at the request of the defendants: "(4) The defendants are only liable for such damages as their acts have proximately caused. (5) If you find from the evidence that the property of plaintiff has been damaged by the negligent acts of defendants, you are to estimate to what extent only the market value of plaintiff's property has been lessened or depreciated." "(7) You can only estimate the damage which plaintiff's property has sustained by reason of the acts of the defendants during the period of two years next before the commencement of this action."

We are not called upon to determine that the bare silence of a party litigant, or his attorney, ought to subject him to any penalty; but where by any affirmative act he has lulled the court into a lack of vigilance which results in error that necessitates a new trial, he ought not to complain if reasonable terms be imposed as a condition of the new trial. In this case plaintiff, through his attorney, seems to have been at fault for not amending his complaint and dismissing as to

the defendants against whom no case was made by the proof; for this he suffers the setting aside of his judgment, and a new trial. On the other hand, defendants, through their attorney, were at fault in the matters pointed out, and suffer the payment of the costs of the first trial.

The defendants have also appealed from the judgment; but inasmuch as the order granting a new trial, which is now affirmed, has the effect to vacate the judgment, the appeal therefrom is without any support.

The appeal from the judgment is therefore dismissed and the order granting a new trial is affirmed.

Harrison, P. J., and Cooper, J., concurred.